ROBERTS *v.* BYRD, JUDGE, ETC.

[No. 0-493. Filed November 12, 1957.]

*Charles E. Roberts, pro se.*

ACHOR, J.—This is an original action wherein petitioner asks for an order of mandate directing the respondent to order the Clerk of this court to prepare and send to petitioner at public expense a certified copy

of the court record and the transcript of the proceedings in an action for writ of error *coram nobis* heard in said court, for the purpose of effecting an appeal. Petitioner heretofore attempted to file an appeal from the judgment in said *coram nobis* proceedings. That "appeal" was dismissed for the reason that petitioner had not filed an assignment of errors and transcript of the record as required by Rule 2-40. See: *Roberts* v. *State* (1957), 236 Ind. 703, 141 N. E. 2d 700. This petition was obviously filed for the purpose of enabling petitioner to supply the record which was absent from that "appeal."

This is the second petition filed by petitioner asking for this same relief. The first petition was denied by this court on June 27, 1957 (See: *Roberts* v. *Byrd,* 143 N. E. 2d 568), on the ground that petitioner failed to bring the action in the name of the State of Indiana, on relation of the party in interest. The present petition is defective for the same reason.

Furthermore, the petition is defective for the reason that:

> "Petitioner is not entitled, as a matter of right, to have the trial court furnish him without cost a bill of exceptions for use upon an appeal in connection with a proceedings for a writ of error coram nobis. Since petitioner's original time for appeal has expired, his remedy is through the Public Defender, who is now authorized to represent him and to procure a transcript of the proceedings at public expense, *if he has any meritorious cause for consideration by this court* (authorities cited)." (Our emphasis.) *Hamilton* v. *Baker* (1955), 234 Ind. 283, 284, 126 N. E. 2d 12.

However, petitioner seeks to overcome these otherwise jurisdictional defects in his petition by asserting

that he has "written the public defender several times" and that he has "tried every available means to get help from the public defender," and that neither "Mr. Baker (public defender) or anyone else from the public defender's office has ever interviewed" petitioner, "or acknowledged a letter" by petitioner.

Because of the serious nature of the assertions made by petitioner, and in order to bring an end to the proceeding in this case, we have referred this petition to the public defender, who has filed a verified return to the petition.

The public defender states that he has received no request from petitioner for the services of his office. He states that petitioner, in *propria persona,* filed a petition for a writ of error *coram nobis* in the Wells Circuit Court, and that from an adverse ruling therein petitioner is now attempting to prosecute his own appeal. That said petition in *coram nobis* consisted of over 13 pages, with which petitioner filed his supporting affidavit consisting of 10 pages. To this the state filed a counter-affidavit consisting of five pages, and petitioner filed a counter-affidavit consisting of five pages. Under authority of Rule 2-40A of this court the Wells Circuit Court considered the petition and supporting affidavits as all the evidence in the case; that upon the conflicting evidence thus submitted, the trial court entered judgment on November 10, 1956, denying the petition. After having examined the record in the case, the public defender, in his return to this court, states: "From my investigation of the case, I am of the opinion that the judgment of the trial court was correct."

The statutory right to appeal at public expense "as

a matter of right," is limited to appeals filed in the manner (including the time) prescribed by statute. §9-2301, Burns' 1956 Repl.

The decision as to whether or not an appeal or an action to set aside a conviction will be prosecuted at public expense after the statutory time for appeal, rests with the sound discretion of the public defender. *Hamilton* v. *Baker, supra; Brattan* v. *State* (1956), 235 Ind. 427, 134 N. E. 2d 218. Therefore, even though the petition had been in proper form, it should be denied. *In re Kretchmer* (1946), 224 Ind. 559-560, 69 N. E. 2d 598.

The petition is dismissed.

Arterburn, C. J., Bobbitt, Emmert & Landis, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 658.